UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 06-310

JAMES TERRELL, KIM TERRELL,
RAY FARRIS and NAOMI FARRIS,                                                    PLAINTIFFS,

v.                                        **OPINION AND ORDER**

TECSEC, INC. and
ROBERT L. HALCOMBE,                                                             DEFENDANTS.

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

This matter is before the Court on several motions by Defendant Tecsec, Inc. Tecsec's Motion to Dismiss (Rec. No. 16) asks the Court to dismiss four of the seven claims the Plaintiffs have made against it in connection with an allegedly fraudulent stock transaction. For the following reasons, the Court will GRANT this motion to the extent that it asks the Court to dismiss the Plaintiffs' claim under Kentucky's Blue Sky Law and will otherwise DENY the motion.

Tecsec also filed a motion (Rec. No. 30) in which it asks the Court to dismiss the fraud claim asserted against it by Co-Defendant Robert L. Halcombe in his Crossclaim and further asks the Court to require Halcombe to provide a more definite statement of his breach of contract claim. For the following reasons, the Court will DENY this motion. However, the Court will order Holcombe to file an amended crossclaim that complies with Federal Rule of Civil Procedure 9(b).

Finally, Tecsec moves the Court to strike a portion of Halcombe's Answer to Tecsec's Cross-claim (Rec. No. 33). For the following reasons, the Court will GRANT this motion and order Holcombe to file an amended answer.

  I.      FACTS.

  A.      **Plaintiffs' Complaint.**

The Plaintiffs assert in their Amended Complaint that the Defendant Tecsec is a corporation

which manufactures software products and that Co-Defendant Robert L. Halcombe was an employee and/or agent of Tecsec. They further assert that Tecsec, through Halcombe, offered to sell them stock in Tecsec. The Plaintiffs assert that Tecsec, through Halcombe, promised them that they would "reap a large profit" from their investment and that Tecsec had developed software that would cause Tecsec's profits and values to soar.

The Plaintiffs assert that, in reliance on these representations, they wire-transferred $150,000 in exchange for Tecsec stock. They assert that Tecsec did not issue any stock to them. The Plaintiffs assert that Tecsec had actual and/or constructive knowledge that Halcombe made the following untrue statements in connection with the transaction: that the Plaintiffs would receive an ownership interest in Tecsec; that the Plaintiffs would reap a large profit from their investment; and that Tecsec had developed software or had contracted for software that would cause the company's value to increase.

Plaintiffs assert fraud, conversion, conspiracy, breach of fiduciary duty and breach of contract claims against Tecsec and Holcombe and also claim that the Defendants violated a provision of Kentucky's Blue Sky Law, KRS § 292.320[1], and Kentucky's Consumer Protection Act, KRS 367.110 *et seq*. Tecsec moves to dismiss the Plaintiffs' fraud, conspiracy and breach of fiduciary duty claims against it and the claim that it violated Kentucky's Blue Sky Law.

    **B.    Tecsec's Crossclaim against Halcombe.**

Tecsec filed a Crossclaim against Co-Defendant Halcombe (Rec. No. 3, Tecsec's Answer and Crossclaim) asserting that Halcombe represented to Tecsec that he would raise capital for Tecsec

---

[1] KRS 292.320 provides, in pertinent part,: (1) It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly: (a) To employ any device, scheme, or artifice to defraud; (b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or (c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

through a company called Sovereign Group, LLC so that he could purchase Tecsec stock at a favorable price. Tecsec denies that Halcombe was its employee. Tecsec asserts that it and Holcombe orally agreed that Halcombe could deposit money "in an equity subscription deposit account with Tecsec" (the "Sovereign Account"). Tecsec asserts that it and Halcombe further agreed that when the funds in that account totaled "a few or several millions of dollars," Halcombe and Sovereign Group, LLC would notify Tecsec so that "the parties" could negotiate an agreement on the use of the funds in the Sovereign Account for the purchase of Tecsec stock.

Tecsec asserts it agreed to accept a "non-refundable subscription amount deposit" in the Sovereign Account and that on August 13, 2003, it received $300,000 from Sovereign Group; that, on August 25, 2003, it received $150,000 with the following payment instructions: "TECSEC INC PER ROBERT HALCOMBE;" and, on October 29, 2003, it received an additional $150,000 for the Sovereign Account. Tecsec asserts that Halcombe has not informed it as to the status of Sovereign Group's fund-raising efforts. Tecsec asserts an indemnity claim against Halcombe arguing that if it is liable to the Plaintiffs, then it should be indemnified by Halcombe.

  **C. Halcombe's Crossclaim against Tecsec.**

Halcombe filed a Crossclaim against Tecsec (Rec. No. 29) in which he asserts that Tecsec's Chief Operating Officer and Chairman of the Tecsec Board of Directors, John Petty, offered Tecsec stock to the Plaintiffs and Halcombe. Halcombe asserts that Petty told him that Tecsec had a "desperate and immediate need" for cash to pay rent, salaries, taxes, and utilities. Halcombe asserts that he sent Tecsec $ 300,000 and that, in return, Petty agreed that Tecsec would provide Halcombe with an audited financial statement; allow Halcombe to test and demonstrate Tecsec's software to market it; provide training and assistance for the demonstration; grant Halcombe and Sovereign Group, LLC the exclusive license to use the software in the health care industry; and give Halcombe a discount on Tecsec stock

3

if Holcombe found more Tecsec investors.

Halcombe alleges that Petty later requested more funds from Halcombe saying that Tecsec again needed the funds to operate. He states that he or Sovereign Group, LLC then sent an additional $150,000 to Tecsec.

Halcombe alleges that Tecsec would not provide all the "tools" required to test and demonstrate the Tecsec software. He also asserts that Tecsec did not deliver stock certificates to him or an audited financial statement. He also asserts that Tecsec "reneged on its promise and duty to return the money" to Halcombe and the Plaintiffs. Halcombe asserts breach of contract, fraud, and conversion claims against Tecsec. Tecsec moves to dismiss the fraud claim and to require Halcombe to provide a more definite statement of his breach of contract claim.

    II.       ANALYSIS.

    A.       Tecsec's Motion to Dismiss Plaintiff's Claims.

    1)       Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, on a 12(b)(6) motion, "the factual allegations in the complaint must be regarded as true" and "[t]he claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheid v. Fanny Farms Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983)). Further, in the ordinary civil action, "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Leatherman v. Tarrant County Narcotics Intelligence and*

*Coordination Unit,* 507 U.S. 163, 168 (1993)(citation and quotations omitted).

However, to allege fraud in the sale of securities in particular under KRS § 292.320, the provision of Kentucky's Blue Sky Law prohibiting such fraud, the Plaintiffs must meet the heightened pleading standards of the Private Securities Litigation Reform Act of 1999 ("PSLRA"), 15 U.S.C. § 78u-4(2000). *Booth v. Verity, Inc.*, 124 F.Supp.2d 452, 461 (W.D.Ky. 2000). The complaint must specify "each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Fidel v. Farley,* 392 F.3d 220, 227 (6th Cir. 2004)(quoting 15 U.S.C. § 78u-4(b)(1)). "In addition, the PSLRA mandates that for each act or omission alleged to have violated federal securities law, the complaint must 'state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.'" *Id. (*quoting 15 U.S.C. § 78u-4(b)(2)).

"The required state of mind has been referred to as the knowing and deliberate intent to manipulate, deceive, or defraud, but recklessness may also constitute scienter." *Stambaugh v. Corrpro Companies, Inc.*, 116 Fed. App'x 592, 597 (6th Cir. 2004). The complaint must allege facts that, if true, would convince a reasonable person that the defendant knew a statement was false or misleading. *Brown v. Earthboard Sports USA, Inc.*, 481 F.3d 901, 917 (6th Cir. 2007).

To allege recklessness, the complaint must allege "highly unreasonable omissions or misrepresentations that involve not merely simple or even inexcusable negligence, but an extreme departure from the standards of ordinary care, and that present a danger of misleading buyers or sellers which is either known to the defendant or is so obvious that the defendant must have been aware of it." *Id*. at 917-18 (quoting *Platsis v. E.F. Hutton & Co.*, 946 F.2d 38, 40 (6th Cir.1991)).

"A complaint [under the PSLRA] will survive. . . only if a reasonable person would deem the

inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, – U.S. – , 127 S.Ct. 2499, 2510 (June 21, 2007).

**2) Whether the Alleged Misrepresentations are Actionable.**

In their Amended Complaint, the Plaintiffs allege three fraudulent statements: 1) that the Plaintiffs would receive an ownership interest in Tecsec in exchange for $150,000; 2) that the Plaintiffs would "reap a large profit" from their investment; and 3) that Tecsec had developed software that would cause Tecsec's profits and values to soar.

Tecsec first argues that none of these alleged representations is actionable as fraud under Kentucky law because the first is a promise to act in the future and the second and third are merely "puffing" or "sales talk." Under Kentucky law, "[f]or a declarant's misrepresentation to be used as the basis for fraud, it must relate to an existing or past fact." *Radioshack Corp. v. ComSmart, Inc.*, 222 S.W.3d 256, 262 (Ky. App. 2007) (citing *Edward Brockhaus & Co. v. Gilson*, 92 S.W.2d 830, 834 (Ky.1936)). "Under Kentucky law, representations as to future conduct will not support a fraud claim." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1447 (6th Cir. 1993).

Nevertheless, "there are exceptions and limitations to this general rule." *Id.* One of these exceptions consists of "promises made without an intention of performance." *Id.* (citing *Schroerlucke v. Hall*, 249 S.W.2d 130 (Ky. 1952)). In *Schroerlucke*, the Kentucky Supreme Court held that "even though the representations relate to the future, if they are positively stated in order to induce another to do something and the party making the representations has no intention of performance, such statements may be misrepresentation of facts on which fraud may be predicated." *Schroerlucke*, 249 S.W.2d at 131.

Likewise, a promise made with no intention of performing it may support a fraud in the sale of securities claim under Kentucky's Blue Sky Law. In *Brockhaus*, 92 S.W.2d 830 (Ky. 1936), a case in

6

which the plaintiff sued under a prior version of Kentucky's Blue Sky Law, the court stated that, "when a promise is made with the present intent of a future breach, or with no intention of carrying out the promise or declaration of future expectations, [the promise] may be relied on as a basis of a cause of action or a defense." *Id.* at 835.

Neither "puffing" nor "sales talk" is an actionable misrepresentation under Kentucky law. *McHargue v. Fayette Coal & Feed Co.*, 283 S.W.2d 170, 172 (Ky.1955). Further, "an expression of an opinion as to future profits is not actionable as fraud under Kentucky law, at least where the subject of the opinion is not susceptible of definite knowledge." *Radioshack Corp.*, 222 S.W.3d at 262. However, an expression of opinion is actionable where the "declarant falsely represents his opinion of a future happening," *Brockhaus*, 92 S.W.2d at 834, or "when a deliberately false opinion is expressed." *Id.* at 835.

Thus, the Plaintiffs may assert fraud and Blue Sky Law claims against Tecsec based upon Tecsec's alleged promise to deliver stock to the Plaintiffs and Tecsec's alleged representations that the stock would be profitable and that Tecsec had developed a certain software if they also allege that Tecsec knew these representations were false at the time they were made. The next issue is whether Plaintiffs have sufficiently alleged that Tecsec had such knowledge.

### 3) Whether the Complaint Meets the Pleading Requirements of Kentucky's Blue Sky Law.

Pursuant to Rule 9(b) of the Federal Rules of Civil Procedure, for their common-law fraud claim, Plaintiffs may generally allege Tecsec's knowledge that the representations at issue were false at the time they were made. Fed. R. Civ. P. 9(b). Plaintiffs have generally alleged such knowledge. (Rec. No. 14, Amended Complaint ¶ 12)[2].

---

[2] The Defendants have not argued that the common law fraud claim in the Plaintiffs' Amended Complaint fails to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Instead, they have

As to the Plaintiffs' claim of fraud in the sale of securities under Kentucky's Blue Sky Law, however, the Plaintiffs must "state with particularity facts giving rise to a *strong* inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2)(emphasis added). The Plaintiffs allege that all the misrepresentations were made by Halcombe. Their allegation that Holcombe offered to sell them Tecsec shares and that Tecsec then accepted $150,000 from them may be sufficient to raise an inference that Holcombe was Tecsec's agent or employee. The Plaintiffs, however, have not alleged any facts that would support an inference that either Tecsec or Halcombe knew the alleged representations were false at the time they were made.

Nor have the Plaintiffs alleged any facts that would support an inference that Tecsec's recklessness or willful blindness permitted Halcombe to make fraudulent misrepresentations in the sale of Tecsec stock. Furthermore, the Plaintiffs do not state that the representation that Tecsec had developed new software was false or why it was false.

For these reasons, the Amended Complaint does not meet the heightened pleading requirements of Kentucky's Blue Sky Law. Plaintiffs have not moved to amend their Complaint. Nor have they identified any amendments they would make to the complaint to satisfy the pleading requirements. Further, the PSLRA requires that "the court shall, on the motion of any defendant, dismiss the complaint" if it fails to meet the heightened pleading requirements. 15 U.S.C. § 78u-4(b)(3)(A). Accordingly, the Court will grant Tecsec's Motion to Dismiss the Blue Sky Law claim against it and will dismiss that claim without prejudice.

---

argued only that the fraud claim should be dismissed because the three alleged misrepresentations are not actionable and because the Blue Sky Law provides the Plaintiffs' only remedy. Because the issue of whether the alleged misrepresentations are actionable depends on whether Plaintiffs also allege that Tecsec knew the representations were false at the time they were made, the Court has reviewed the Amended Complaint to determine whether the Plaintiffs make this allegation but has not otherwise addressed whether the Plaintiffs have pleaded common law fraud in compliance with Rule 9(b).

### 4) Whether Kentucky's Blue Sky Law is Plaintiffs' Exclusive Remedy.

Citing *Cali-Ken Petroleum Co. v. Miller*, 815 F.Supp. 216, 220 (W.D.Ky. 1993), Tecsec argues that Kentucky's Blue Sky Law provides the exclusive remedy for fraud in the sale of securities. Tecsec argues that the Plaintiffs' common law fraud claim must, therefore be dismissed. In *Cali-Ken*, the court relied on *Owensboro v. First U.S. Corp*, 534 S.W.2d 789 (Ky. 1976) in holding that Kentucky's Blue Sky Law provides the exclusive remedy for fraud in the sale of securities. *Cali-Ken*, 815 F.Supp. at 220.

The issue in *Owensboro* was whether the two-year limitations period of Kentucky's Blue Sky Law applied to the city's claim that it purchased bonds in reliance on the seller's misrepresentations or whether the claim was governed by the five-year statute applicable to common law fraud claims. 534 S.W.2d at 790. In deciding that the two-year limitations period applied, the Kentucky Supreme Court noted that "there are no recitations in the Kentucky Blue Sky Law that its remedies are to be construed as additional to any other remedies provided by law. . ." *Id*. at 791. The court further stated, "[i]f the legislature would choose to make the blue sky remedy for sale by misrepresentation cumulative, it is free to do so, but in our view it has not done so yet." *Id*.

In 1998, however, the Kentucky General Assembly amended Kentucky's Blue Sky Law to add a provision stating that "[t]he rights and remedies provided by this section are in addition to any other rights or remedies that may exist at law or equity." KRS 292.480(7); 1998 Kentucky Laws Ch. 20 §20, H.B. No. 112, 1998 Regular Session. No such provision existed at the time of *Cali-Ken* or *Owensboro*. In accordance with Section 7 of KRS 292.480, Kentucky's Blue Sky Law does not provide the exclusive remedy for fraud in the sale of securities and individuals injured by such fraud may assert common law claims and a claim under Kentucky's Blue Sky Law. *See In re Wright Enterprises*, 76 Fed. App'x. 717, 722 (6th Cir. 2003)(recognizing that the Kentucky legislature added Section 7 to KRS § 292.480 in 1998 to change the existing law that the Blue Sky Law provided the sole remedy for fraud in the sale of

securities). Accordingly, the Plaintiffs may assert both a claim under KRS § 292.320 and a common law fraud claim.

Tecsec moves to dismiss the Plaintiffs' conspiracy claim solely on the basis that Plaintiffs lack any valid fraud claim. Because the Court has determined that Plaintiffs may assert a fraud claim, the Motion to Dismiss the conspiracy claim must be denied.

**5)        Whether Plaintiffs may Assert a Breach of Fiduciary Duty Claim.**

Finally, Tecsec argues that the Plaintiffs' breach of fiduciary duty claim against it must be dismissed because "Plaintiffs have not alleged any facts that would give rise to a presumption of such a relationship." Under Kentucky law, a fiduciary relationship is "one founded on trust or confidence reposed by one person in the integrity and fidelity of another and which also necessarily involves an undertaking in which a duty is created in one person to act primarily for another's benefit in matters connected with such undertaking." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 485 (Ky.1991).

The Plaintiffs allege that they delivered $150,000 to Tecsec. It is not clear to the Court who has controlled those funds since the Plaintiffs transferred them. Tecsec, however, seems to allege that the $150,000 has been held in an account controlled by Tecsec which was to be eventually used to buy Tecsec shares at a favorable rate when the funds in the account totaled a certain amount. If this is true, then the Plaintiffs entrusted Tecsec with their funds for an indeterminate time and with the obligation of using those funds for the Plaintiffs' benefit to deliver them stock at a favorable price. These allegations support an inference that a fiduciary relationship exists between the parties.

Furthermore, under Kentucky law, "where a person in a fiduciary relationship to another violates his duty as a fiduciary, a third person who participates in the violation of duty may be liable to the beneficiary." *Steelvest*, 807 S.W.2d at 486. The Plaintiffs argue that they have sufficiently alleged a

fiduciary relationship with Halcombe. They further argue that Tecsec, by holding their $150,000 for three years, has participated in Halcombe's violation of his fiduciary duty and, thus, may be liable to the Plaintiffs. Tecsec has not addressed this argument. Because, under Kentucky law, Tecsec could be liable to the Plaintiffs if it participated in Halcombe's breach of fiduciary duty, Tecsec's Motion to Dismiss the fiduciary duty claim must also be denied on this basis.

  **B.**  **Tecsec's Motions Regarding Halcombe's Answer and Crossclaim.**

  **1)**  **Tecsec's Motion to Dismiss Holcombe's Fraud Claim.**

In another motion, Tecsec asks the Court to dismiss the fraud claim asserted against it by Co-Defendant Halcombe in his Crossclaim. Tecsec argues that Holcombe's fraud claim must be dismissed because Holcombe has only alleged that Tecsec breached promises to act in the future, e.g., to provide Halcombe with an audited financial statement and to allow him to test and demonstrate Tecsec's software. Tecsec again argues that a fraud claim cannot be based on a promise to act in the future. As explained above, however, promises to act in the future are actionable if, at the time the promisor made the promise, he had no intention of actually performing.

Tecsec also argues, however, that Halcombe has failed to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure. That rule applies to "all averments of fraud or mistake." It requires that "the circumstances constituting fraud ... be stated with particularity" but provides that "[m]alice, intent, knowledge, and other condition of mind of a person, may be averred generally." Fed. R. Civ. P. 9(b). "The Sixth Circuit reads [Rule 9(b)] liberally. . . requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)(quotations and citations omitted).

In *Michaels Building Co. v. Ameritrust Co.*, 848 F.2d 674 (6th Cir. 1988), the Sixth Circuit found

11

a complaint "sufficiently detailed to satisfy the notice requirement" because the fraud count specified (1) the parties and the participants to the alleged fraud; (2) the representations made; (3) the nature in which the statements are alleged to be misleading or false; (4) the time, place and content of the representations; (5) the fraudulent scheme; (6) the fraudulent intent of the defendants; (7) reliance on the fraud; and (8) the injury resulting from the fraud. *Id.* at 679.

The Sixth Circuit's liberal reading of Rule 9(b) "stems from the influence of Rule 8, which requires a short and plain statement of the claim, and calls for simple, concise, and direct allegations." *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999) (internal quotation marks and citations omitted). "Even against Rule 8's backdrop admonition of simplicity in pleading, however, allegations of fraudulent misrepresentations must be made with sufficient particularity and with a sufficient factual basis to support an inference that they were knowingly made." *Id.* (internal quotation marks and citation omitted.). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendants to answer, addressing in an informed way" plaintiffs' claim of fraud. *Coffey*, 2 F.3d at 162 (quotations and citations omitted).

Halcombe alleges that Petty agreed to six conditions when Tecsec accepted $300,000 from Halcombe. (Rec. No. 29, Crossclaim ¶ 6). For his breach of contract claim, Halcombe alleges that Tecsec, through Petty, breached four promises. (Rec. No. 29, Crossclaim ¶ 6). For his fraud claim, Halcombe simply asserts that Petty "fraudulently misrepresented facts" and that "at the time the representations *described above* were made, they were known to be false, untrue, and materially deficient." (emphasis added).

It is not clear precisely what representations Halcombe alleges Petty made or how those representations were false or misleading. In particular, it is unclear how Halcombe's fraud claim is

distinct from his breach of contract claim. Further, Halcombe does not allege the time or place of any of the alleged misrepresentations.

Halcombe is proceeding pro se, however, and pro se complaints are to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Further, unlike with the PSLRA, there is no statute mandating dismissal where a plaintiff fails to sufficiently plead common law fraud.

Accordingly, the Court will deny Tecsec's Motion to Dismiss Halcombe's fraud claim and will grant Holcombe 10 days to file an amended crossclaim which complies with Federal Rule 9(b) by stating, for example, precisely what misrepresentations were made, by whom and to whom they were made, when they were made, where they were made, and how the misrepresentations were false or misleading.

**2)      Tecsec's Motion for More Definite Statement.**

Tecsec also moves under Rule 12(e) for a more definite statement of Holcombe's fraud and breach claims. Because the Court has ruled that Halcombe must file an amended complaint that complies with the requirements of Rule 9(b), the motion for more definite statement will be denied as moot with regards to Halcombe's fraud claim. As to Halcombe's breach of contract claim, Rule 12(e) provides:

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court is not obeyed within 10 days after notice of the order or within such other time as the court may fix, the court may strike the pleading to which the motion was directed or make such order as it deems just.

Fed. R. Civ. P. 12(e).

Rule 12(e) must be read in conjunction with Federal Rule of Civil Procedure 8(a)(2) pursuant

to which a complaint need only provide "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Courts do not favor motions for more definite statements. *Innovative Digital Equip., Inc. v. Quantum Tech., Inc.*, 597 F.Supp. 983, 989 (N.D.Ohio 1984). "[A] motion for more definite statement is designed to strike at unintelligibility rather than simple want of detail.... [It] must be denied where the subject complaint is not so vague or ambiguous as to make it unreasonable to use pretrial devices to fill any possible gaps in detail." *Schwable v. Coates*, 2005 WL 2002360, at *1 (N.D.Ohio August 18, 2005)(quoting *Scarbrough v. R-Way Furniture Co.*, 105 F.R.D. 90, 91 (E.D.Wis.1985)). *See also Sky Technologies Partners, LLC v. Midwest Research Institute*, 125 F.Supp.2d 286, 298 (S.D.Ohio 2000) (A "motion for more definite statement is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed.")

Tecsec argues that it is not clear from the Crossclaim who Holcombe is suing for breach of contract. However, Halcombe has filed a "Crossclaim." A "Crossclaim is "any claim by one party against a co-party." Fed. R. Civ. P. 13(g). Tecsec is Halcombe's only co-party in this action. Accordingly, it is clear that with his Crossclaim, Halcombe can only be suing Tecsec.

Tecsec also argues that Holcombe does not state the name of the party with which he contracted. However, because Holcombe has filed a breach of contract claim against Tecsec, to the extent that Holcombe does not explicitly allege it, it can be inferred that Holcombe alleges he entered into a contract with Tecsec.

Tecsec also complains that Halcombe does not identify what contract it breached, when any of these promises were made, "in what or as part of what contract these promises were obtained," or when Tecsec breached the promises. Under notice pleading, however, Halcombe is not required to make these allegations in asserting a breach of contract claim. Halcombe has provided sufficient information to permit Tecsec to formulate a response to his breach of contract claim. Accordingly, the Motion for More

14

Definite Statement will be denied.

### 3) Tecsec's Motion to Strike.

Finally, Tecsec asks the Court pursuant to Rule 12(f) of the Federal Rules of Civil Procedure to strike a portion of Halcombe's Answer to Tecsec's Crossclaim (Rec. No. 31). Rule 12(f) of the Federal Rules of Civil Procedure provides:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

The Sixth Circuit has held that "the action of striking a pleading should be sparingly used by the courts" and should be "resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953). "Rule 12(f) motions are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" *Waste Management Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir.2001)(quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)). "For purposes of 12(f), a scandalous pleading must 'reflect cruelly' upon the defendant's moral character, use 'repulsive language', or 'detract from the dignity of the court.'" *Core Leasing, Inc. v. American Airlines, Inc*. 1990 WL 92562, *5 (E.D.Pa.1990).

Tecsec asks the Court to strike certain allegations Holcombe makes in paragraph 9 of his Answer to Tecsec's Crossclaim. Halcombe made the allegations in response to Tecsec's assertion in its Crossclaim that the representations that the Plaintiffs complain of were not made by Tecsec or Petty but were instead made by Halcombe. In responding to that allegation, Holcombe states that "John Petty

made representations, promises, and solicitations." (Rec. No. 31, Answer to Crossclaim ¶ 9). He states that, at an August 6, 2003 meeting with Holcombe and the Plaintiffs' family member Charles Yelton, Petty represented that he was credible but failed to disclose that, while Undersecretary of the Treasury for International Affairs, he had been "embroiled in a scandal under investigation by the Justice Department involving hiring a mistress . . . ." Holcombe states the name of the alleged mistress. Holcombe also alleges that Petty failed to disclose that, as chairman of the Audit Committee at American University, Petty had authorized the "outrageous spending of public money" and had "stonewalled requests for clarification on many expensed items."

Halcombe argues that these allegations are relevant because if these facts "would have been disclosed, Halcombe would not have sufficiently trusted Tecsec to send any funds without substantial safeguards." (Rec. No. 35, Response at 3). He argues that "Tecsec wishes to strike elements of fraud as alleged in the valid complaint, and allowing them to do so would violate Halcombe's – and potentially Plaintiff's Constitutional right to be heard." (Rec. No. 35, Response at 4). He also argues that the Motion to Strike is an "attempt to eliminate the actual information that indicates to this Honorable Court the elements of fraud in Halcombe's Cross-Claim." (Rec. No. 35, Response at 5).

Thus, Halcombe appears to argue that the allegations of which Tecsec complains are essential to his fraud claim against Tecsec. Nevertheless, Halcombe does not mention these allegations in his actual fraud claim against Tecsec. (Rec. No. 29). Because the allegations are against Petty's moral character and the moral character of other parties not before the Court and because the relevance of the allegations to this proceeding is not apparent given that Halcombe does not mention them in his fraud claim against Tecsec, the Court will strike Halcombe's Answer to the Crossclaim and order him to file an Amended Answer deleting the two allegations at issue from paragraph 9.

If, however, the two allegations are indeed relevant to Halcombe's fraud claim against Tecsec

as he asserts, then he may include the allegations in his amended fraud claim against Tecsec, explaining their relevance in a manner that conforms with Federal Rule of Civil Procedure 9(b).

### III. CONCLUSION.

For all these reason, the Court hereby ORDERS as follows:

1) Tecsec's Motion to Dismiss (Rec. No. 16) the Plaintiffs' claims against it is GRANTED in part and DENIED in part. The motion is GRANTED as to the Plaintiffs' claim that Tecsec violated KRS 292.320 and that claim is DISMISSED without prejudice. The motion is otherwise DENIED;

2) Tecsec's Motion to Dismiss (Rec. No. 30) Halcombe's fraud claim against it is DENIED. However, Halcombe is ORDERED to file within 10 days of the entry date of this Opinion and Order an Amended Complaint that complies with the requirements of Federal Rule of Civil Procedure 9(b);

3) Tecsec's Motion for More Definite Statement (Rec. No. 30) is DENIED as moot as to Holcombe's fraud claim and is DENIED as to Halcombe's breach of contract claim; and

4) Tecsec's Motion to Strike (Rec. No. 33) is GRANTED. Halcombe's Answer to Tecsec's Crossclaim (Rec. No. 31) is STRICKEN and Halcombe is ORDERED to file an Amended Answer to the Crossclaim within 10 days of the entry date of this Opinion and Order deleting the two allegations discussed in this Opinion.

Dated this 7th day of September, 2007.

**Signed By:**
*Karen K. Caldwell*
**United States District Judge**